UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00214-R-RAO | Date | 07-12-2019 |
|---|---|---|---|
| Title | *Mark Migdal v. Federal Bureau of Prisons* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 29)

## I.   INTRODUCTION

On January 1, 2019, Plaintiff Mark Migdal ("Plaintiff") filed a Complaint asserting causes of action pursuant to the Religious Freedom Restoration Act (the "RFRA"), 42 U.S.C. § 2000bb-1 *et. seq.*, and the Eighth Amendment to the United States Constitution (the "Eighth Amendment") against Defendant Federal Bureau of Prisons ("Defendant").

Presently before the Court is Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court **GRANTS** the Motion.

## II.   Factual Background

The facts alleged are as follows. Plaintiff is a federal prisoner who was convicted upon entry of a guilty plea for conspiring to commit bank fraud, a violation of 18 U.S.C. § 1349, and two counts of making false statements on loan applications, a violation of 18 U.S.C. § 1018. Plaintiff was sentenced to 18-months' imprisonment, and he surrendered for service of his sentence at the Federal Prison Camp in Lompoc, California on January 10, 2019. Plaintiff contends that he is Jewish and that his Jewish faith obligates him to take care of his wife, who has been diagnosed with cancer and advised to undergo a preventative hysterectomy, and their eleven-year-old daughter. Plaintiff claims that he cannot adequately take care of his wife and daughter while serving his sentence in Lompoc, but he could do so if he were housed at a Residential Re-entry Center ("RRC") in San Francisco that would allow him to work and take care of them. Additionally, Plaintiff alleges that he suffers from "a series of extremely serious medical disorders," including "moderate to high risk for possible coronary event or heart attack or related arrhythmia," "severe degenerative disc disease and lumbar radiculitis," torn rotator cuffs in both shoulders, "large hiatal hernia, sleep apnea, carpal tunnel syndrome, [] chronic nasal congestion," and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00214-R-RAO | Date | 07-12-2019 |
|---|---|---|---|
| Title | *Mark Migdal v. Federal Bureau of Prisons* | | |

difficulties following knee replacements in both knees in late 2018. He alleges that the RRC in San Francisco is operated by Defendant and that it allows inmates to leave the facility during the day for work and to take care of family obligations. Therefore, Plaintiff alleges that Defendant's refusal to designate the RRC in San Francisco as Migdal's place of imprisonment violates the RFRA. Additionally, Migdal alleges that Defendant's existing medical policies and practices violate the Eighth Amendment, as applied to Plaintiff. Accordingly, Plaintiff is seeking injunctive relief ordering Defendant to provide timely, adequate medical care for his medical needs and to transfer Plaintiff from the Federal Prison Camp in Lompoc to the RRC in San Francisco.

### III.   **JUDICIAL STANDARD**

Defendant moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Pursuant to Rule 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1). A challenge to subject matter jurisdiction is properly decided under Rule 12(b)(1) and may be asserted as either a facial or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), cert. denied, 544 U.S. 1018 (2005). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004)). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n. 2.

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00214-R-RAO | Date | 07-12-2019 |
|---|---|---|---|
| Title | *Mark Migdal v. Federal Bureau of Prisons* | | |

*Iqbal*, 556 U.S. at 678.

### IV.   DISCUSSION

   A.   Eighth Amendment Claim

Plaintiff's Eighth Amendment claim is based on his belief that Defendant is likely to violate his Eighth Amendment right to be free from deliberate indifference to his serious medical needs. Plaintiff filed this suit prior to actually being denied any medical treatment and before he even surrendered for service of his sentence. Thus, Plaintiff must establish standing based on a threatened future harm, rather than actual injury.

Under Article III, § 2 of the United States Constitution, federal courts can only hear live "cases" or "controversies." "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (citation and internal quotes omitted). The "irreducible constitutional minimum" of standing consists of three elements: the plaintiff must have (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The party invoking federal jurisdiction bears the burden of establishing each element. *Id.* at 561. Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Standing cannot be established by conclusory allegations. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1006-07 (2011) (holding that plaintiff's conclusory allegation that defendant's action "impact[ed] their operations as landlords" failed to establish standing).

"[T]he injury-in-fact requirement requires a plaintiff to allege an injury that is both "concrete and particularized." *Spokeo*, 136 S. Ct. at 1545 (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). The injury must be "actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (citing *Lujan*, 504 U.S. at 560). Moreover, a threatened injury may satisfy the injury-in-fact element, but only where the plaintiff is in imminent danger of sustaining a direct injury as a result of the challenged conduct. *See Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947-48 (9th Cir. 2002) (citing *Friends of the Earth*, 528 U.S. at 180-81).

Defendant contends that Plaintiff's alleged injuries are purely conjectural and hypothetical since they were made prior to Plaintiff surrendering for service of his sentence. Plaintiff acknowledges that Defendant does in fact provide medical care to inmates, that Defendant provides elective medical care to inmates serving more than 12 months, and that the specialized physical therapy that he needs for his knees may be available to him in Lompoc, subject to approval by the Utilization Review Committee.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00214-R-RAO | Date | 07-12-2019 |
|---|---|---|---|
| Title | *Mark Migdal v. Federal Bureau of Prisons* | | |

Although Plaintiff alleges "*[i]t is not guaranteed*" that such care will be approved, he acknowledges that the review process can take just "weeks." Plaintiff further alleges that treatment of his rotator cuffs, spinal problems, or hiatal hernia "is likely to be considered of 'limited medical value'" by Defendant. Plaintiff apparently bases this belief on a Patient Care statement designating joint replacements as elective procedures that are "not always necessary" and on his belief that Defendant "is also not likely to treat these conditions due to their cost." However, while "[t]hese therapeutic interventions always require review by the Institution Utilization Review Committee," Plaintiff has not alleged facts actually suggesting they are likely to be denied upon review. Finally, Plaintiff alleges it is unlikely Defendant will continue giving him at least some of his prescribed medications because Defendant's formulary does not include all drugs, and because Defendant is "known" to discontinue pain medications due to the belief that prisoners are faking pain. However, Plaintiff has not identified a single prescribed medication that is not on Defendant's formulary, which is publicly available online, and he does not allege that Defendant lacks adequate substitutes for those medications that are not available on its formulary.

      Plaintiff counters by comparing his case to *Helling v. McKinney*, where the Supreme Court held that "[i]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them. The Courts of Appeals have plainly recognized that a remedy for unsafe conditions need not await a tragic event." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). However, in *Helling*, there was no dispute that the plaintiff was exposed to tobacco smoke or that exposure to unreasonably high levels of smoke is dangerous; rather, the district court had erroneously determined as a matter of law that the plaintiff had no constitutional right to be free from cigarette smoke. Here, in contrast, Plaintiff's alleged threatened injuries are purely based on his subjective beliefs, not on any concrete facts. Likewise, in *Estelle v. Gamble*, which was also cited by Plaintiff, an inmate plaintiff was actually seen by prison medical personnel, prescribed medication by a prison doctor, and was threatened to be sent to the "farm" if he did not return to work despite his ongoing pain and repeated visits to the doctor. 429 U.S. 97, 100-01 (1976). The plaintiff's condition developed *after* he had been incarcerated, unlike here, and it became severe enough that he was ultimately hospitalized. *Id.* Thus, there was no question of the plaintiff's injury-in-fact, and the plaintiff's case had actually been dismissed by the district court for failure to state a claim, rather than lack of subject matter jurisdiction.

      Here, in contrast, Plaintiff had neither received nor been denied any medical treatment, and he had not even begun to serve his sentence, at the time he filed the Complaint. Although Plaintiff claims a likely future injury, he does so in purely conclusory terms and has not pled any facts indicating that he is in imminent danger of sustaining injury.

      Accordingly, Plaintiff does not meet the requirements for Article III standing since he has not alleged an injury-in-fact, and Defendant's Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00214-R-RAO | Date | 07-12-2019 |
|---|---|---|---|
| Title | *Mark Migdal v. Federal Bureau of Prisons* | | |

as to Plaintiff's Eight Amendment claim.

    B.  <u>RFRA Claim</u>

To state a claim under the RFRA, a plaintiff must show that: (1) he takes part in a "religious exercise," and (2) the State's actions have substantially burdened that exercise. *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015) (citing *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005)). The RFRA provides, in relevant part: "Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except . . . [if it] is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1.

Plaintiff alleges that his wife's physician "recently recommended that she undergo a hysterectomy as a preventative measure," that Plaintiff and his wife have no one else who can take care of their daughter, and that Defendant's decision to designate Plaintiff to the federal prison in Lompoc, rather than in San Francisco closer to where his wife and daughter live, will prevent Plaintiff's wife from undergoing the hysterectomy or other cancer-related surgeries unless Plaintiff is available to take care of their daughter. Plaintiff alleges that Defendant's placement designation violates the RFRA because his Jewish faith obligates him "to take care of his wife in sickness and health, and also take care of his child."

The allegations in the Complaint do not plausibly demonstrate that Plaintiff's incarceration in Lompoc imposes a substantial burden on his exercise of religion. First, Plaintiff alleges only that his wife's physician recommended that she undergo a hysterectomy as a preventative measure, but there are no allegations regarding when she requires this procedure, whether the procedure has been scheduled, whether the procedure will be in-patient versus out-patient, or the expected length of her recovery time. Second, the allegations that Plaintiff's wife cannot undergo a medical procedure unless Plaintiff is available to take care of their daughter are conclusory. Plaintiff alleges only that neither he nor his wife "have anyone" to take care of their daughter; however, the Complaint lacks any factual allegations plausibly showing that Plaintiff's personal presence is the only available option of caring for his daughter in the event his wife elects to undergo a hysterectomy. Of note, Plaintiff's daughter is eleven and will presumably be in school during the day for most of the year. Moreover, even if Plaintiff is correct that inmates at the San Francisco RRC are allowed to leave during the day to take care of family obligations, Plaintiff would still be incarcerated at night. Thus, some form of assistance for Plaintiff's wife and daughter would likely be needed during the hours Plaintiff was at the RRC. In sum, Plaintiff has not alleged facts to state a plausible claim that his incarceration in Lompoc substantially burdens the exercise of his religion. Accordingly, Plaintiff has failed to state a claim under the RFRA, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00214-R-RAO | Date | 07-12-2019 |
|---|---|---|---|
| Title | *Mark Migdal v. Federal Bureau of Prisons* | | |

Defendant's Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(6) as to that claim.

**V.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. (DE 29).

**IT IS SO ORDERED.**

|  |  | 0 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | cch | |